*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE JOHN CLOS II,

      Plaintiff-Appellee,

v

ANGELA MARIE CLOS,

      Defendant-Appellant.

UNPUBLISHED
July 16, 2026
10:09 AM

No. 375689
Wayne Circuit Court
LC No. 21-110954-DM

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's denial of her request for attorney fees. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the parties' divorce in 2022. After the trial court entered the parties' consent judgment of divorce, plaintiff moved to modify the parenting time schedule. Defendant objected to the change and also requested attorney fees, claiming that she was unable to afford the fees necessary to respond to plaintiff's motion. Defendant repeatedly requested attorney fees throughout the proceedings, but, each time, failed to provide evidence to support her claims regarding the parties' incomes. The trial court granted plaintiff's motion to modify the parenting time schedule, but, on interlocutory appeal, this Court peremptorily reversed because plaintiff failed to show proper cause or change in circumstances warranting a change in parenting time. *Clos v Clos*, unpublished order of the Court of Appeals, entered December 2, 2024 (Docket No. 371358).

On remand, defendant moved to set aside the trial court's order modifying parenting time and reiterated her request for attorney fees. She again provided no proof of her own income or defendant's income beyond her own unsubstantiated statements in the motion, instead providing only the 2020 Economics of Law Summary and her counsel's curriculum vitae. Plaintiff repeatedly challenged defendant's lack of proofs. Defendant responded that this was why an evidentiary hearing was necessary. The trial court did not hold an evidentiary hearing. Instead, it

denied defendant's request without explanation after a short hearing on her motion to set aside the prior order. Defendant now appeals.

## II. STANDARDS OF REVIEW

"This Court reviews a trial court's award of attorney fees in a divorce action for an abuse of discretion." *Safdar v Aziz*, 327 Mich App 252, 267; 933 NW2d 708 (2019). "An abuse of discretion occurs when the result falls outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). "Findings of fact are reviewed for clear error." *Id*. "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Id*. at 267-268 (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues that the trial court erred by denying her request for attorney fees. We disagree.

In a divorce proceeding, under MCR 3.206(D):

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

(a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

Defendant claims that the trial court erred because it failed to make "specific findings regarding the necessity of a fee award" when awarding attorney fees. *Stackhouse v Stackhouse*, 193 Mich App 437, 446; 484 NW2d 723 (1992). Even if we were to conclude that the trial court erred by failing to explain its ruling, any such error was harmless because defendant did not provide adequate evidence of financial need to warrant her requested relief.

Defendant claims her requests were sufficient under the court rule because it only required her to "allege facts sufficient to show" her need, which she did. But "[a] party cannot rely on unsubstantiated assertions when requesting attorney fees[.]" *Safdar*, 327 Mich App at 268 (quotation marks and citation omitted). In other words, a party seeking attorney fees under MCR 3.206 must not only allege unsubstantiated assertions to support the request; the party must also *demonstrate that* they were unable to bear the expense of the action with adequate evidence. *Id*. See also *Smith v Smith*, 278 Mich App 198, 207-208; 748 NW2d 258 (2008). To the extent that defendant may claim an evidentiary hearing was necessary to develop these facts, this would

apply, at most, to plaintiff's income, to which she may not have had access when filing. An evidentiary hearing was unnecessary for defendant to provide the trial court with proof of her own income in order to demonstrate her need. Defendant had access to this information but failed to provide it. Instead, she relied on her unsubstantiated assertion that, because she made about $30,000 in 2022, she expected a similar annual income for 2023.[1] This is insufficient to satisfy her burden of proof, and, accordingly, denial of her request was proper.[2]

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[1] The unreliability of defendant's claims about her income is further demonstrated by the fact that defendant's unsubstantiated income estimates changed from one motion to the next. Indeed, while initially claiming an expected 2023 income of $30,000, this figure changed to $50,000 in a subsequent filing, and then back to $30,000 in yet another filing.

[2] During oral argument, plaintiff asserted for the first time, after having conceded the issue in his brief, that this Court lacked jurisdiction over this appeal because defendant failed to appeal an earlier order denying her motion for attorney fees. Regardless, plaintiff's argument lacks merit. Defendant's earlier appeal was from the trial court's March 1, 2024 order granting plaintiff's motion to modify parenting time. That order did not address any motions for attorney fees because, by that time, defendant had withdrawn her previously pending motion. Following this Court's peremptory reversal, defendant filed a new motion for attorney fees, which the trial court denied. It is from this order that defendant properly claims her appeal.